**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-4536**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ALEX PINEDA-MENDEZ,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:08-cr-00517-REP-1)

———————————

Submitted:  April 8, 2010          Decided:  July 1, 2010

———————————

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Patrick L. Bryant, Research and Writing Attorney, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alex Pineda-Mendez pled guilty to illegal reentry after previously being deported following a conviction for an aggravated felony, 8 U.S.C. § 1326(a), (b)(2) (2006). The court varied upward from the guideline range and imposed a sentence of seventy-two months imprisonment. Pineda-Mendez appeals his sentence, contending that it is procedurally unreasonable because the district court (1) failed to explain the extent of the variance; (2) imposed a sentence greater than necessary to promote deterrence; (3) reached an unsupported conclusion that he was a drug dealer; and (4) failed to avoid unwarranted sentencing disparity. Although the government suggests that we should review the issue for plain error, Pineda-Mendez properly preserved the issue by arguing at sentencing for a within-guideline sentence. United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010). For the reasons explained below, we affirm the sentence.

The government requested a variance from the advisory guideline range of 37-46 months to ninety months based on Pineda-Mendez' repeated illegal entries, his failure to comply with court orders relating to prior criminal convictions, the danger he presented to the public, and his failure to be deterred by previous sentences. Pineda-Mendez argued that a sentence above the guideline range would be greater than

2

necessary. He asserted that he returned after his last deportation only because his father had suffered traumatic brain damage from an illness and he needed to earn money to pay the medical expenses. At the sentencing hearing, defense counsel presented some documentation concerning Pineda-Mendez' father's condition and argued that Pineda-Mendez had not fulfilled the terms of prior probationary sentences because he had been deported or was in custody, rather than because of disregard for the court's orders. Defense counsel also pointed out that Pineda-Mendez had served almost all of his prior two-year sentence for illegal reentry, rather than one year as the government had argued.

Before imposing sentence, the district court observed that Pineda-Mendez had entered the country illegally several times and had received the maximum federal sentence for his prior illegal reentry, as well as lenient treatment in the state courts for other offenses. The court noted that Pineda-Mendez showed "a pattern of entering, drug dealing, and re-entry and drug dealing" in the past. The court noted that Pineda-Mendez claimed that he did not use cocaine, but had recently been convicted of possessing cocaine, from which the court inferred that Pineda-Mendez possessed the cocaine with the intention of selling it.

3

The court stated that the sentence must be one that promoted respect for law, deterred Pineda-Mendez from violating the immigration laws, and protected the public from his criminal conduct. The court decided that a sentence within the guideline range would not be adequate to achieve the goals of the sentencing statute. The court then stated

> I believe that the sentence to be imposed here serves the purpose of providing a sentence that is sufficient but not greater than necessary to provide deterrence, to provide punishment, to promote respect for the law, and to protect the public from the defendant's . . . propensity to commit illegal activities, and pursuant to 18 U.S.C. Section 3553(a) and having considered the guidelines only as advisory and having determined that a variance is appropriate, it is the judgment of the Court that the defendant, Alex Pineda-Mendez, is hereby committed to the custody of the United States Bureau of Prisons . . . for a term of 72 months.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see also Lynn, 592 F.3d at 575. After determining whether the district court properly calculated the defendant's advisory guideline range, this court must decide whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id.; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the

"individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review"). Properly preserved claims of procedural error are subject to harmless error review. Lynn, 592 F.3d at 576. If the sentence is free of significant procedural error, the appellate court reviews the substantive reasonableness of the sentence. Id. at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Here, the court properly calculated the guideline range and considered the § 3553(a) factors, focusing particularly on the nature and circumstances of the offense, Pineda-Mendez' history and characteristics, the need for the sentence to promote respect for the law, afford adequate deterrence to Pineda-Mendez, and protect the public from his criminal activity. The court responded to the arguments of the parties, for and against a variance sentence, implicitly rejecting Pineda-Mendez' contention that he returned to the United States only to earn money to pay for his father's medical expenses. The court explained that it believed an upward variance was necessary because Pineda-Mendez had not been deterred by prior sentences.

We conclude that the district court's finding that Pineda-Mendez had regularly engaged in drug dealing when he was

5

in the United States was supported by the record. In addition, the district court "consider[ed] the extent of the deviation and ensure[d] that the justification [was] sufficiently compelling to support the degree of the variance." Lynn, 592 F.3d at 582. The court did not explain why it chose a sentence of seventy-two months, but it did explain that a sentence within the guidelines would not "promote respect for the law, . . . keep[] the defendant from violating the immigration law . . . [or] protect[] the people of this country from the crimes that he commits when he's here illegally." Thus after "considering th[e] defendant's history and the record that he ha[d] assembled," the court determined that a sentence of seventy-two months would be "sufficient but not greater than necessary to satisfy the objectives of the sentencing statute." This deliberation is sufficient to satisfy Lynn.

Even assuming that the court's explanation was insufficient, any error here was harmless under Lynn. Under harmless error review, the government may avoid reversal if the error "did not have a substantial and injurious effect or influence on the" result and "we can[] say with . . . fair assurance, . . . that the district court's explicit consideration of [the defendant's] arguments would not have affected the sentence imposed." 592 F.3d at 585 (internal citations and quotation marks omitted). In Lynn, we determined

6

that the government failed to prove harmlessness because, "[g]iven the strength of Lynn's arguments for a different sentence, we [could not] say with any fair assurance that the district court's explicit consideration of those arguments would not have affected the sentence imposed." Id.

By contrast, the evidence suggesting harmless error in the present case is significantly stronger than it was in Lynn for two reasons. First, even assuming that the district court committed procedural error in failing to explain its rejection of Pineda-Mendez's argument for a within-guideline sentence, the record in this case leaves no doubt that the district court considered his argument in the context of applying the § 3553(a) factors. The court listened to the parties' statements and arguments, and thereafter stated that it had arrived at the seventy-two-month sentence by considering all of the § 3553(a) factors, emphasizing the need for deterrence. Second, unlike the sentencing arguments presented by the defendant in Lynn, the arguments that Pineda-Mendez made for a within-guideline sentence were very weak. He had entered the country illegally several times, and his record showed a "pattern of entering, drug dealing, and re-entry and drug dealing." Moreover, his argument for a within-guideline sentence amounted to a claim that, if his record was severe, it was only because he needed to enter this country to provide for his family in Honduras. But

7

certainly that state of affairs is not atypical for a defendant, and Pineda-Mendez produced no evidence that his circumstances excused repeated instances of illegal immigration and drug-dealing, so as to require a within-guideline sentence. Consequently, we conclude that any error here was harmless.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED